No. 24,957.

W. H. CLARK and E. F. BECKNER, *Appellees,* v. GEORGE H. PRATT, *Appellant.*

SYLLABUS BY THE COURT.

CONTRACT—*Services of Attorney—Collection of Policy of Life Insurance—Services Performed—Plaintiff Entitled to Recover.* In an action by an attorney to recover for services performed by him under contract, where the defense is that no services were performed, it is not error to render judgment for the plaintiff where his evidence proves beyond substantial controversy that services were performed by him.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge. Opinion filed May 10, 1924. Affirmed.

*C. L. Thompson,* of Hoxie, for the appellant.
*W. S. Langmade,* of Oberlin, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiffs sued to recover $1,000 attorneys' fees for services rendered in collecting a policy of life insurance issued on the life of Charles W. Pratt and made payable to his father, the defendant George H. Pratt. Judgment was rendered in favor of the plaintiffs for the amount claimed with interest thereon. The defendant appeals.

Charles W. Pratt obtained a life insurance policy in the Bank Savings Life Insurance Company of Topeka for $2,000. He afterward entered the United States army and served in the World War. He died in France on October 11, 1918. It appears that the policy required an extra premium to be paid if he should enter military

service. That premium was not paid. After the death of Charles W. Pratt, the defendant attempted to collect the amount named in the policy, but payment was refused. He then employed W. H. Clark, one of the plaintiffs, to collect the insurance and agreed to pay him an amount equal to one-half of what he would collect. Clark attempted to collect the policy. He made two or three trips to Topeka, talked to the president of the insurance company, and examined the law governing the military service clause of the policy. Clark employed Stone, McDermott & Webb, who rendered additional services in attempting to collect the policy and who were about to commence suit, which was delayed at the request of the president of the company. Later, the company concluded to pay this policy and others of a like nature, but desired to pay direct to the beneficiary of the policy. That was done. Two thousand dollars was paid to George H. Pratt, but he did not pay the plaintiffs for the services they had rendered in attempting to collect the policy, and this action resulted.

On the trial, evidence was introduced which established the facts above outlined beyond substantial controversy. Defendant introduced evidence which tended to show that no correspondence was had between the plaintiffs and the company concerning payment of the policy, that the insurance company voluntarily paid to George H. Pratt the amount named in the policy, and that the efforts of the plaintiffs to collect the policy did not influence the company in any way. The defendant introduced a letter written by the president of the insurance company. The letter read as follows:

"Mr. C. L. Thompson,
    Hoxie, Kansas.
"Dear Sir:

"Yours of the 20th received, and note what you say about W. H. Clark sueing George H. Pratt on the insurance policy. What I would know about this would be that George Pratt told me that Clark had the claim.

"This talk was had in the fall when I was out, and I advised George that no suit would hasten the payment of the policy, in my judgment, and that on or about the first of the year we would decide whether we would pay these claims or not and if we paid any of them we would pay his, and if we did not pay his we wouldn't pay any.

"You are mistaken in regard to a ruling of the insurance department. The insurance department knew nothing about this as far as I am aware, and had no bearing upon payment of the case at all.

"The matter of Clark's charges in the case with Pratt I would think would be entirely upon their own negotiations."

Nelson v. Railroad Co.

The evidence of the defendant did not tend to show that the plaintiffs did not perform any service in collecting the policy. Services were performed, and the policy was paid.

The plaintiffs demurred to the evidence of the defendant. That demurrer was sustained. The plaintiffs then asked that the jury be instructed to return a verdict in favor of the plaintiffs. That was done. A verdict was so rendered, and judgment was rendered accordingly.

In 6 C. J. 721, the writer says:

"As a general rule the right of an attorney to compensation is not lost because his services may have been of no benefit to his client, if they have been faithfully and intelligently rendered; because his efforts were not successful in bringing the litigation to the desired conclusion; or because his services were unnecessary, provided they were rendered in good faith."

The judgment is affirmed.